IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASHKHEN TANIELIAN,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY (UIM) Policy #: 0CCH97-986382047-101-1, Claim #: 292 PP HFS 4334 M-005; THE TRAVELERS HOME AND MARINE INSURANCE COMPANY (UIM) Policy #: 0CCH97-986382047-101-1, Claim #: 292 PP HFS 4334 M-005,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON THE COURT'S SUBJECT MATTER JURISDICTION**<br><br>Case No. 2:16-cv-00442-CW<br><br>Judge Clark Waddoups |

Plaintiff Ashkhen Tanielian sued Defendants Travelers Insurance Company and The Travelers Home and Marine Insurance Company ("Travelers") in the Third Judicial District Court of Salt Lake County, Utah under her underinsured motorist policy for damages resulting from her involvement in a rear-end motor vehicle accident. (Am. Compl. 2–8, Dkt. No. 2-3.) Travelers removed the action to federal court asserting diversity jurisdiction. (Notice of Removal of Action (Notice) 3, Dkt. No. 2.) On June 16, 2016, the Court ordered Travelers to show cause why the case should not be remanded to the state court for failure to establish the requirements for diversity jurisdiction. (Dkt. No. 9; *see* 28 U.S.C. § 1332(a) (setting forth the requirements for diversity jurisdiction); *State Farm Mut. Auto. Ins. Co. v. Narvaez,* 149 F.3d 1269, 1270–71 (10th Cir. 1998) (recognizing that "a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings") (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)).)

1

Both parties responded to the Court's order to show cause. (Dkt. Nos. 10 & 11.) The responses indicate that the parties agree the amount in controversy in this case exceeds $75,000. (*See* Pl.'s Mem. to the Ct. on Order to Show Cause (Pl.'s Mem.) 4, Dkt. No. 11.) However, Ms. Tanielian argues the Court should remand the case for lack of complete diversity because Ms. Tanielian, a Utah citizen, contends Travelers qualifies as a "corporate citizen" of Utah due to its continuous license to conduct business in Utah since 1997. (*Id.*)[1] Ms. Tanielian also objects that removal to federal court places her at an unfair disadvantage and constitutes an act of bad faith by Travelers that hinders the pursuit of her underinsured motorist claim. (*Id.* at 6.) Conversely, Travelers asserts it is a Connecticut corporation with its principal place of business in Connecticut. (Resp. to Order to Show Cause (Resp.) 4–5, Dkt No. 10; Decl. of Mitch Storey 3, Ex. 1, Dkt. No. 10-1.) Travelers states it is not organized under the laws of the state of Utah. (Resp. 4–5, Dkt No. 10.)

On August 24, 2016, the Court heard oral argument from the parties on the issue of its subject matter jurisdiction over this case. After considering the parties' memoranda and arguments, the Court is satisfied that complete diversity exists here.

"Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). Here, Travelers bore that responsibility when it removed this case to federal court.

---

[1] Travelers insists that "Travelers Insurance Company" does not exist, (Resp. 4, Dkt. No. 10), and Plaintiff does not refute that contention. Rather, Plaintiff only addresses its argument to Travelers. (*See* Pl.'s Mem., Dkt. No. 11.) Thus, the Court presumes Travelers Insurance Company does not exist.

"For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg*, 805 F.3d at 905 (citing 28 U.S.C. § 1332(c)(1)).  While the complaint alleges that Travelers is an insurance company "organized" under the laws of the State of Utah, (Am. Compl. 3, Dkt. No. 2-3), the notice of removal alleges that Travelers is an insurance company incorporated in Connecticut, with its principal place of business in Hartford, Connecticut.  (Notice 3, Dkt. No. 2.)  Travelers' response to the Court's Order to Show Cause reiterates its incorporation and principal place of business exist in Connecticut.  (Resp. 4–5, Dkt No. 10; Storey Decl. 3, Ex. 1, Dkt. No. 10-1.)  Ms. Tanielian presents no evidence to the contrary.

Ms. Tanielian cites Utah's "presumption of jurisdiction" statute, Utah Code Ann. § 31A-1-105, to argue that by conducting business in Utah Travelers subjected itself to the jurisdiction of its courts.  (Pl.'s Mem. 5, Dkt. No. 11.)  Utah Code Ann. § 31A-1-105(1) states, in relevant part, "[a]ny insurer . . . that provides coverage of a resident of this state . . . is doing an insurance business in this state and subject to the jurisdiction of the insurance commissioner and the courts of this state . . . ."  This statutory language implicates a federal court's analysis of its general personal jurisdiction over an insurer.  See *Daimler AG v. Bauman*, 571 U.S. ___, 134 S. Ct. 746, 761 (2014) (holding that to assert general jurisdiction over an out-of-state corporate defendant, the corporation must have business affiliations with the forum state "so 'continuous and systematic' as to render [it] essentially at home in the forum State") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The statute has no relevance to a federal court's subject matter jurisdiction over an insurance case removed under diversity jurisdiction.  See *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–04 (1982) (detailing how "[t]he concepts of subject-matter and personal jurisdiction, however, serve

different purposes, and these different purposes affect the legal character of the two requirements"). A defendant may remove "those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. §1441 (governing removal of civil actions). Moreover, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Thus, where Travelers has established the requirements of this Court's diversity jurisdiction arising under 28 U.S.C. § 1331, it may remove the case to federal court. *See* 28 U.S.C. § 1441(b); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (noting that a defendant has a "congressionally bestowed right to remove" a case where the case meets federal jurisdictional requirements). The Court is satisfied that Travelers has carried its burden to show the parties are diverse, *i.e.*, that Ms. Tanielian is a citizen of Utah and Travelers a citizen of Connecticut. The Court sees no evidence of bad faith in Travelers' removal of this case.

Ms. Tanielian also suggests that litigating in federal court will disadvantage her because she must prove her case to a unanimous jury of twelve and because state courts stand in a better position to resolve these types of claims. (Pl.'s Mem. 6, Dkt. No. 11.) However, strategic considerations have no effect on this Court's subject matter jurisdiction over the case. Under 28 U.S.C. § 1447(c), a federal court will remand a case for lack of subject matter jurisdiction discovered at any time before final judgment, or "on the basis of any defect other than subject matter jurisdiction" identified in a motion to remand made within thirty days of removal. Ms. Tanielian identifies no defect in removal—jurisdictional or otherwise—that would defeat removal at this stage.

In sum, the Court finds diversity jurisdiction exists here and thus Travelers properly removed the case.

SO ORDERED this 24th day of August, 2016.

BY THE COURT:

Clark Waddoups
United States District Court Judge